UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GONJA YAYLA<br>1022 South 10th Street<br>Allentown, Pennsylvania 18103<br><br>    Plaintiff<br>v.<br><br>VALLEY YOUTH HOUSE<br>3400 Highpoint Boulevard<br>Bethlehem, Pennsylvania 18017<br><br>    Defendant | NO.:<br><br>JURY TRIAL DEMANDED |

## **INDIVIDUAL, COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff, GONJA YAYLA, Individually and on behalf of herself and those similarly situated, by and through undersigned counsel, hereby files the instant Individual, Collective and Class Action Complaint against Defendant VALLEY YOUTH HOUSE and in support thereof avers as follows:

### **INTRODUCTION**

1. This action seeks compensation on behalf of Plaintiff Individually as well as all those similarly situated as defined below for overtime compensation and straight time wages owed and due for work performed.

2. It is specifically averred that Defendant's overtime policies and practices violate the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.* ("PMWA") for failing to pay both Plaintiff and those similarly situated all legally required overtime and straight time wages due for on-call duties during overnight hours.

3. Further, it is specifically believed that Defendant unlawfully deprived Plaintiff and those similarly situated of both overtime and straight time wages upon the erroneous belief that it is entitled to deduct eight (8) hours of "sleep periods" when neither Plaintiff nor those similarly situated were required to be on duty for twenty four (24) hours or more and did not otherwise qualify for this deduction of pay pursuant to 29 C.F.R. §785.22 which provides guidance on when up to eight (8) hours of "sleep period" may be deducted from wages.

## PARTIES

4. Plaintiff, Gonja Yayla, is an adult individual with an address of 1022 South 10th Street, Allentown, Lehigh County, Pennsylvania 18103 and who was, at all times relevant employed on a full time basis as a Resident Advisor and is an employee for purposes of the FLSA and PMWA.

5. Upon information and belief, Defendant employs between twenty five (25) and one hundred (100) similarly situated Resident Advisors at its various locations and is an employer for purposes of the FLSA and PMWA.

6. The "Collective and Class Action Plaintiffs" refers to similarly situated individuals employed by Defendant in the position of Resident Advisor or similar role and/or job title, for whom it is alleged that Defendant has deprived both overtime and straight time wages for overnight hours worked which have been improperly deducted as "sleep periods" and are covered employees for purposes of the FLSA and PMWA.

7. Defendant, Valley Youth House, is a Pennsylvania corporation with headquarters located at an address of 3400 Highpoint Boulevard, Bethlehem, Pennsylvania 18017 and with over twenty (20) offices and in excess of twenty (20) group home locations

throughout the eastern part of Pennsylvania where it provides supported residential care for minors in need of economic, social and medical support and which is an employer for purposes of the FLSA and PMWA. *See www.valleyyouthhouse.org*.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 because Plaintiffs claims arise under federal law, the FLSA.

9. This Court has supplemental jurisdiction over Plaintiffs' state law claims under the PMWA because those claims rise out of the same nucleus of operative facts as the FLSA claims presented.

10. Venue is proper in this District under 28 U.S.C. §1391(b) and 29 U.S.C. §1132(e) because the FLSA violations alleged below occurred in this District and because both parties are found in this District.

## INDIVIDUAL FLSA AND PMWA ALLEGATIONS

11. Plaintiff was hired by Defendant in or about September of 2016 in the position of Resident Advisor where she has since maintained full-time employment, working in excess of forty (40) hours per week, as detailed below.

12. Plaintiff's job duties generally involved serving as an adult figure in the home assisting Defendant's clients with daily living, vocational and therapeutic and needs, distributing medications, cooking, light cleaning and enforcement of curfew hours and resolving any and all disputes which may arise between the residents of the group home where she was assigned, located in Allentown, Pennsylvania.

13. From approximately December of 2016 through June, 2020, when Plaintiff commenced her current maternity leave of absence which was extended under the Family

3

Medical Leave Act ("FMLA") and which continues to the present, Plaintiff was scheduled to work with a start time of 4:00 p.m. when she would "clock in" utilizing Defendant's system for doing so.

14. Plaintiff worked eight (8) hours in the job duties detailed above from her start time of 4:00 p.m. until approximately 12:00 a.m. or 1:00 a.m., at which point she was required to "clock out" utilizing Defendant's system for doing so.

15. While Plaintiff was required to "clock out" at the times referenced in the above paragraph, in fact she was mandated to spend the entire night at Defendant's facility in a bedroom area provided for her and her young child where she would stay until approximately 6:00 a.m. or 7:00 a.m. the following morning.

16. During this "overnight hours," Plaintiff was required to attend to her usual job duties as described above, including any and all emergencies.

17. During this "overnight hours," Plaintiff was required to monitor the residents behaviors, intervene in verbal and physical altercations, and enforce curfew and all other rules of the group home.

18. After awaking at approximately 6:00 to 7:00 a.m., Plaintiff was additionally required to attend to other job duties including distributing medications to those residents who needed them and attending staff meetings, for which she was generally compensated.

19. Defendant was aware the Plaintiff's "overnight hours" were in fact "on call" hours but, in willful disregard of the FLSA and PMWA, failed and refused to pay her for any of the time spent after her "clock out" at 12:00 a.m. or 1:00 a.m. following the so called "end" of her eight (8) hour shift.

4

20. Specifically, Plaintiff was informed by one of her Managers, Megan Weiant, on approximately January 21, 2020 that "they" (meaning Defendant and/or the Company) were "flying under the radar" in not properly compensating Plaintiff for her overnight hours as detailed above. Ms. Weiant went on to explain to Plaintiff that if she was scheduled to work five (5) days per week instead of four (4), as other Resident Advisors in other locations, that Defendant would have the right to deduct eight (8) hours of sleep pay which is not only unlawful itself but is suggestive of the existence of Collective and Class Action Plaintiffs who have been similarly harmed.

21. Defendant, independently and by and through its agents, including Ms. Weiant and Ms. Weiant's supervisors, Ken Klein, was aware of the FLSA and PMWA requirements.

22. Defendant, independently and through its agents, including Ms. Weiant and Mr. Klein, was aware of the FLSA's requirements to pay its non-exempt employees, such as Plaintiff and the Collective and Class Action Plaintiffs, time and a half for any hours worked in excess of forty (40) during a one week work period, which it did not do.

23. Defendant, independently and through its agents, including Ms. Weiant and Mr. Klein, was also aware of the law and rules governing "on call time" located under the FLSA at 29 C.F.R. §785.17 – which provides as follows:

> An employee who is required to remain on call on the employer's premises or so close thereto that he cannot use the time effectively for his own purposes is working while "on call". An employee who is not required to remain on the employer's premises but is merely required to leave word at his home or with company officials where he may be reached is not working while on call. (*Armour & Co.* v. *Wantock,* 323 U.S. 126 (1944); *Handler* v. *Thrasher,* 191 F. 2d 120 (C.A. 10, 1951); *Walling* v. *Bank of Waynesboro, Georgia,* 61 F. Supp. 384 (S.D. Ga. 1945))

5

24. Defendant, independently and through its agents, including Ms. Weiant and Mr. Klein, was aware that Plaintiff's job as Resident Advisor was not and has never been an exempt position for purposes of the FLSA.

25. Defendant, independently and through its agents, including Ms. Weiant and Mr. Klein, was aware that neither Plaintiff nor any of her similarly situated co-workers worked twenty four (24) hour shifts or greater and whose pay would therefore have been properly reduced by a potential eight (8) hour "sleep period" deduction.

26. During the term of her employment, Plaintiff routinely worked in excess of forty (40) hours per week for a period in excess of three (3) years, for which she was not compensated at an overtime rate of $23.23 per hour.

27. As discussed above, a typical shift includes eight (8) hours "on the clock" with an additional five to six (5-6) hours of "overnight or on call time" four (4) days a week, fifty two (52) weeks a year, for a period of in excess of three (3) years.

28. Based upon Plaintiff's current rate of pay of $15.49 per hour and overtime rate of $23.23 per hour, Plaintiff is due and owing of approximately 3,744 hours of overtime, translating into overtime owed of approximately $86,991.00 dollars.

## FLSA COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings this action for violations of the FLSA as an individual and collective action pursuant FLSA, 29 U.S.C. §216(b) on behalf of the Collective and Class Action Plaintiffs, *i.e.*, all persons who were employed by Defendant as Resident Advisors or similar job titles with similar duties and whom were not paid for all overnight hours spent on call and otherwise meet the requirements of 29 C.F.R. §785.22 §785.22 which

provides guidance on when up to eight (8) hours of "sleep period" may be deducted from wages.

30. Plaintiff and the Collective and Class Action Plaintiffs are similarly situated and have substantially similar non-managerial job duties with substantially similar pay provisions and whom have been subjected to Defendant's unlawful wage practices as described.

31. There are numerous similarly situated current and former employees of Defendant who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join the present lawsuit.

32. These similarly situated employees are believed to be between twenty (20) and one hundred (100) persons, are known to Defendant and are readily identifiable by Defendant and who can be easily located through Defendant's own personnel records.

33. Therefore, Plaintiff should be properly permitted to bring this action as a collective action for and on behalf of herself and those employees similarly situated pursuant to the "opt in" provisions of the FLSA, 29 U.S.C. §216(b).

## PENNSYLVANIA CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action for violations of the Pennsylvania Minimum Wage Act as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Collective and Class Action Plaintiffs, *i.e.*, all persons who performed work as Resident Advisors and/or similar positions requiring similar job duties for Defendant and who worked in this capacity at any point preceding the date that this action was filed.

35. This class is substantially numerous to the effect that a joinder would be impractical. It is believed that while Plaintiff does not know the exact size of the class as such information is in the control of the Defendant, it is believed and therefore averred, that the number of potential class members is between twenty (20) and one hundred (100).

36. Plaintiff's individual claims are typical of the claims of the collective action Plaintiffs as defined above because like Plaintiff, all were employees of Defendant within the last three (3) years and held the job title of Resident Advisor or similar job title with substantial job duties and whom were not paid overtime or straight wages for work beyond the forty (40) hour workweek.

37. Plaintiff will fairly and adequately protect the interests of these collective action Plaintiffs because her interests are aligned and not in any manner in conflict with those of this potential class.

38. No mechanical difficulties are anticipated in the management of this potential class action that would preclude its maintenance because the potential class members are either current or former employees of Defendant and may be contacted through Defendant's own personnel files.

39. A class action is the best method for the fair and efficient adjudication of this controversy as such treatment shall allow all similarly situated individuals to prosecute their common claims in single form simultaneously and because prosecution of separate actions by these individual members would create inconsistent or varying adjudications.

40. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 et seq.

### (Plaintiff and the Collective and Class Action Plaintiffs v. Defendant)

41. Plaintiff hereby incorporates all of the foregoing paragraph as if set forth fully below.

42. Pursuant to the FLSA, employers, including Defendant are required to pay all non-exempt employees at one and one-half times the employee's regular rate of pay for all time worked in excess of forty (40) hours during a week.

43. For the full term of her employment, Defendant failed to pay Plaintiff and the Collective action Plaintiffs, non-exempt employees, either the flat straight time hourly rate owed for all work hours during the overnight hours and overtime wages for overnight/on-call hours, in willful violation of the FLSA, requiring that all hours over forty (40) each week be paid at one and one-half times the employee's regular rate of pay.

44. Defendant willfully failed to compensate Plaintiff and the Collective and Class Action Plaintiffs overtime and straight time compensation.

45. As the result of Defendant's failure to pay overtime for hours worked to both Plaintiff and the Collective and Class Action Plaintiffs, Defendant violated and continues to violate the FLSA.

46. For the full term of their employment, Defendant willfully failed to maintain accurate records of Plaintiff and the Collective and Class Action Plaintiffs' hours, and failed to pay them for all of her hours worked in excess of forty (40) hours.

**WHEREFORE,** Plaintiffs seeks all damages available under the FLSA, inclusive of its liquidated damages provisions, the costs of suit and attorney's fees.

## **COUNT II – VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT**

### (Plaintiff and the Collective and Class Action Plaintiffs v. Defendant)

47. Plaintiff hereby incorporates all of the foregoing paragraph as if set forth fully below.

48. Pursuant to the PMWA, employers are required to compensate all employees for all hours actually worked, including "on-call" time and to pay all non-exempt employees at one and one-half times the employee's regular rate of pay for all time worked in excess of forty (40) hours during a week.

49. For the full term of their employment, Defendant willfully failed to maintain accurate records of Plaintiff and the Collective and Class Action Plaintiffs' hours, and failed to pay them for all of their hours worked in excess of forty (40) hours.

50. Defendant willfully failed to compensate Plaintiff and the Collective and Class Action Plaintiffs overtime and straight time compensation.

51. As the result of Defendant's failure to pay straight time and overtime hours worked to both Plaintiff and the Collective and Class Action Plaintiffs, Defendant violated and continues to violate the PMWA.

52. For the full term of their employment, Defendant failed to maintain accurate records of Plaintiff and the Collective and Class Action Plaintiffs' hours and failed to pay them for all of their hours worked in excess of forty (40) hours.

**WHEREFORE,** Plaintiffs seeks all damages available under the PMWA, inclusive of the costs of suit and attorney's fees.

                                MESHKOV & BRESLIN

                                By:*/s/ adm2795*
                                   ADAM D. MESHKOV, ESQUIRE
                                   *Attorney for Plaintiff*
                                   830 Lehigh Street
                                   Easton, PA 18042
                                   (T) 610.438.6300 / (F) 610.438.6304

                                   JOHN W. HOLLAWELL, ESQUIRE
                                   *Attorney for Plaintiff*
                                   224 West Broad Street
                                   Bethlehem PA 18018
                                   (T) 610.597.8835 / (F) 610.465.9426

Date: September 3, 2020