IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GONJA YAYLA, | : | |
|     *Plaintiff*, | : | CIVIL ACTION NO. 5:20-CV-04395-EGS |
| | : | |
| v. | : | |
| | : | |
| VALLEY YOUTH HOUSE, | : | |
| t/a and/or d/b/a VALLEY YOUTH | : | |
| HOUSE COMMITTEE, INC., VALLEY | : | |
| YOUTH HOUSE ENDOWMENT | : | |
| FOUNDATION, and/or VALLEY | : | |
| YOUTH HOUSE, SPE, LLC[1] | : | |
| | : | |
|     *Defendants*. | : | |

## FINAL SETTLEMENT APPROVAL ORDER

**AND NOW**, this 15th day of March, 2022, upon consideration of the Parties' Joint Motion and Incorporated Memorandum of Law for Approval of the Parties' FLSA Settlement and all other submissions and proceedings in this matter, it is hereby **ORDERED** as follows:

**WHEREAS** Gonja Yayla ("Plaintiff") brought claims against Valley Youth House ("Defendant") for alleged violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101 *et seq*. ("PMWA");

**WHEREAS** the Parties have considered and evaluated their respective positions in light of relevant statutes and case law and, after extensive confirmatory discovery into the scope and nature of the claims presented, participated in extensive, arm's-length settlement negotiations overseen by an experienced wage and hour mediator;

---

[1] Valley Youth House Committee and Valley Youth House SPE, LLC are incorrectly identified as "Valley Youth House Committee, Inc." and "Valley Youth House, SPE, LLC" in the caption. These two entities did not employ Yayla or any other potential class member. The entities have no assets and are improper parties to this case.

**WHEREAS** the Parties' efforts have resulted in a proposed resolution commemorated in their Settlement Agreement and Release ("Settlement Agreement");

**WHEREAS** Defendant, in exchange for the mutual promises, releases, and consideration described in the Settlement Agreement, has agreed to make a maximum settlement payment of $85,000.00 to Plaintiff and Plaintiff's counsel as outlined in the Settlement Agreement;

**WHEREAS** the Court has carefully reviewed and considered the terms of the Settlement Agreement and the Parties' Joint Motion and Incorporated Memorandum of Law for Approval of the Parties' FLSA Settlement and all other submissions and proceedings in this matter;

**IT IS HEREBY ORDERED THAT:**

1. The proposed settlement is entitled to a presumption of fairness because: 1) the settlement negotiations occurred at arm's length with the assistance of an experienced wage and hour mediator; 2) there was sufficient discovery; 3) the proponents of the settlement are experienced in similar litigation; and 4) Plaintiff has not objected to any substantive term of the proposed settlement;

2. This Court hereby **APPROVES** the Parties' Settlement Agreement, because they have sufficiently demonstrated that the complexity, expense and likely duration of the litigation; the reaction of Plaintiff to the settlement; the stage of the proceedings and the amount of discovery completed; the risks of proving liability; the risks of proving damages; the risks of maintaining the collective action through the trial; the ability of the defendant to withstand a greater judgment; the range of reasonableness of the settlement in light of the best possible recovery and all the attendant risks of litigation suggest that the proposed settlement is fair, reasonable and adequate and resolves a *bona fide* dispute between the Parties;

3. This Court hereby **APPROVES** the proposed $85,000.00 settlement amount provided in the Settlement Agreement, including $33,465.00 to pay damages and lost wages, including liquidated damages, claimed by Plaintiff, as fair, reasonable and adequate because this amount represents more than the maximum damages claimed on behalf of Plaintiff in a "best-case" scenario in light of the substantial risks of continued litigation;

4. This Court hereby **APPROVES** the proposed $30,600.00 attorneys' fee payment and $20,935.00 in costs of litigation as fair, reasonable and adequate based on this Court's consideration of each of the relevant factors, including the quality of the result reached, the absence of any objections from Plaintiff, the skill and efficiency of Plaintiff's counsel, the complexity and duration of this litigation, the risk of non-payment Plaintiff's counsel assumed and the amount of time Plaintiff's counsel devoted to the case;

5. This Court hereby **GRANTS** the Parties' Joint Motion and Incorporated Memorandum of Law for Approval of the Parties' FLSA Settlement (Doc. No. 37) and **DIRECTS** the Clerk to mark this matter **DISMISSED WITH PREJUDICE**; and

6. Without affecting the finality of this Order, this Court will retain jurisdiction to enforce the terms of this Settlement Agreement and preside over any issues flowing from distribution of the settlement proceeds.

**BY THE COURT:**

/s/ *Edward G. Smith*
**Hon. Edward G. Smith**